Gaff v. O'Neil.

[*General Term, April,* 1872.]

T. AND J. W. GAFF v. JOHN O'NEIL.

O'Neil sold to Gaff a barge load of coal, to be delivered at Lawrenceburg, and, by the custom of the trade, the purchaser was bound to hold and take care of the barge until called for by the owner. The barge was taken away by a third party, without opposition by the persons placed in charge, and was lost.

*Held*, that Gaff was a bailee for hire, and liable for the loss of the barge.

*Brower*, for plaintiff in error.

*Lincoln, Smith, Warnock & Stephens*, for defendant in error.

HAGANS, J. The defendant in error sold the plaintiff in error a barge load of coal, to be delivered in his own barge at Lawrenceburg, Indiana, and it was alleged the vendees were to take care of and hold the barge after they should unload it, until called for by the tow-boat "Dick Fulton." The coal was delivered; the barge was unloaded and left in charge of the persons who had unloaded it. While holding it at the wharf at Lawrenceburg, a tow-boat, not the "Dick Fulton," came and took the barge without objection. O'Neil brought suit for the value of the barge, as it had never been returned or come to his possession or knowledge. There was some testimony going to show that the custom in the coal trade, as to taking care of unloaded barges by the vendees, was the same as the contract stated. A number of issues in the testimony, reaching through the whole case, was made, and the statement of the witnesses were very contradictory. We have not stated

these issues, as we deem it unnecessary to the disposition of the case.

The counsel of the plaintiffs in error asked the judge at Special Term to charge the jury that if they should find " the plaintiff sold the defendants a barge load of coal, to be by him delivered to them at Lawrenceburg, the barge to remain there until called for by plaintiff, the defendants were mere depositaries of the barge, and only bound to slight diligence, and not liable except for gross negligence," which charge the court refused, but gave it with this addition : " That if the jury find that it was the custom of the coal trade for the purchaser of a barge load of coal to take care of the barge after unloading the coal, until called for by the seller, and was paid for so doing in and by the contract of purchase and sale of the coal, the defendants were bound as bailees for hire and for ordinary care." To refusing the charge as asked, and giving it as qualified, the plaintiffs in error excepted. The court also charged the jury that if they found such a custom, the plaintiffs in error were bound to ordinary care; and if the barge was taken away by third parties, without the default and negligence of the plaintiffs in error, the finding should be in their favor. To this charge the plaintiffs in error excepted.

The jury found all the issues of fact for the defendant in error, and rendered a verdict in his favor for $1,000, as the value of the barge. A motion for a new trial was made and overruled, and judgment entered on the verdict.

We are not disposed to interfere with the findings of fact by the jury if the charge of the court was right, and to this we now direct attention.

The whole charge of the court is not set out, but we are to presume that he charged correctly in all other respects. These special charges, in respect to the matters contained in them, are the subjects of consideration. It may be the jury found the liability of the bailees of the barge on the special contract alleged—that they would take care of it.

Or they may have found them liable on the proof of custom—that the vendees of the coal would take care of the barge after it was unloaded. We see no substantial difference in the question raised, viz: whether the plaintiffs in error were bailees for hire? Did, then, the mere fact of the agreement for delivery of the coal in the sellers' own barge, at Lawrenceburg, make the plaintiffs in error bailees for hire? Were they, by such a contract of sale as here proved, to get pay for taking care of the barge? This was a question of fact for the jury, and they have found it properly for the seller. We do not see how the jury could be misled by the charge. The taking care of the barge by the purchasers necessarily affected the terms of the sale and entered into its consideration. If this be so, it is perfectly clear that the plaintiffs in error were bailees for hire, and bound to the exercise of ordinary care, and liable for the default and negligence of their servants, though the bailment was, under the whole contract, for the joint benefit, Story on Bail., sec. 400, and *Jackson* v. *Robinson*, 18 B. Mon. 7; not for gross negligence only, as in the case of a mere depositary. *Lockwood* v. *Bull*, 1 Conn. 331; *Edon* v. *Weston*, 7 Conn. 280.

But it is said here was only slight negligence, if any negligence at all, and, therefore, the motion for a new trial ought to be granted. The jury has passed upon this issue under the charge of the court; but it may be well to look at this question in the light of some of the authorities.

There was no delivery of the barge by the bailee, either by design or mistake, as in *Lichtenbeen* v. *Boston and Providence Railroad Co.*, 11 Cush. 72, in which the defense of due care was held to be unavailing. The man in charge of the barge when the tow-boat took it, asked no questions nor interposed objection, and simply states that a tow-boat, the name of which he can not recollect, took the barge away; and he considered he was clear of her, and that he did not care for whom the tow-boat took her away, so that she was taken away by a tow-boat. No force was used by

the tow-boat, and no remonstrance or inquiry for authority or effort to prevent the barge from being taken, that is very satisfactory, made by the man in charge of the barge; and he gave no express assent.  There was a simple statement by those in charge of the tow-boat, that they were going to take the barge.  It seems to us that even if the plaintiffs in error were mere depositaries, they ought to be held, under the admitted facts as stated, as guilty of such a degree of negligence as would justify the verdict and judgment.  If there had been, under the circumstances, a misdelivery, the parties would be liable.  *Nelson* v. *King*, 25 Texas, 655; *James* v. *Greenwood*, 20 La. An. 299.  But there is not even that here to excuse the plaintiffs in error, but a loss of the property, with substantially the consent of their agent.

Judgment affirmed.