CLAY & BROWNE v. GAGE & WOOD.

No. 728.

1. **Negotiable Instrument — Warehouseman's Receipt.**—A receipt from one engaged in keeping a cotton yard for a specified bale of cotton which, by the terms of the receipt. is " deliverable to bearer on return of this certificate and payment of charges," though in form negotiable, represents goods and not money; and in case it should be lost or stolen a bona fide holder who derives his title from a finder or a thief could not recover, as in case of negotiable paper under the law merchant.

2. **Same — Indemnity Bond Against Lost Receipt.** — Where the owner of such receipt proved its loss, and that he had not parted with his title to the property, it was error in the court to require. as a condition precedent to his recovering possession of the cotton from the warehouseman, that he execute to the latter a bond of indemnity to secure him harmless against loss.

3. **Bailment—Right of Owner Against Bailee.**—The owner of property held by a bailee may sue to recover it from the bailee, though not a party to the contract of bailment.

APPEAL from County Court of Hill. Tried below before Hon. J. G. ABNEY.

*McKinnon & Carlton*, for appellants.—1. Appellants were entitled to judgment for the bale of cotton No. 2999, the proof showing that it was shipped out of the yard by appellees after notice of appellants' claim thereto. Roberts v. Yarboro, 41 Texas, 453; Nelson v. King, 25 Texas, 663.

2. The court erred in requiring appellants to give to appellees an indemnity bond for the other cotton merely because the receipts therefor were lost. No one except appellants was asserting title or claim to said cotton. The lost cotton tickets were non-negotiable, and there was no necessity for requiring the bond. Burton v. Curyea, 89 Am. Dec., 354; Bice v. Cutler, 84 Am. Dec., 747; Hentz v. The Idaho, 23 U. S., 978.

*Smith & Wear* and *West & McGown*, for appellees.—1. The judgment as to bale No. 2999, being rendered on conflicting evidence, should not be disturbed. De Cordova v. Bahn, 74 Texas, 645; Coffield v. Harris, 2 Ct. App. C. C., sec. 317; Viniola v. Kuenzek, 1 Ct. App. C. C., sec. 634.

2. The cotton being deliverable to the bearer of the lost receipts, by the terms thereof, such receipts are governed by the same rules that govern negotiable instruments. Gage & Wood being liable to the bearer of the receipts, were entitled to their production and surrender before delivery of the cotton could be exacted; this being physically impossible, because of their loss, the asserted owner ought and must tender a sufficient indemnity in some form before the court would order the surrender

of the cotton. Dan. on Neg. Inst., sec. 1480; Tied. on Com. Paper, sec. 499.

STEPHENS, ASSOCIATE JUSTICE.—In the months of September, October, and November, 1889, appellees, Gage & Wood, were engaged in keeping a cotton yard in the town of Hillsboro. Appellants, through their agent, A. S. Johnson, were engaged at the same time and place in buying cotton. It was the custom of appellees in the transaction of their business, when a bale of cotton was left in their care, to issue to the owner a receipt, called a ticket, of substantially the following tenor: "Received of———one bale of cotton for account of [name of owner], deliverable to bearer on return of this certificate and payment of charges. Risks of fire excepted." Upon this receipt were endorsed the weight and price and also the number marked upon the bale of cotton. In the latter part of September of that year, appellants, through their said agent, purchased of Stroud & Yerby, who held the receipts of Gage & Wood in the usual form, nine certain bales of cotton, which were transferred and delivered by a delivery of the receipts given for the nine bales of cotton. Thereafter these receipts were lost, according to the positive testimony of their said agent, which was not contradicted by any other testimony introduced on the trial of this cause, though the court found in his conclusions of fact that the loss of these receipts was not shown.

Upon discovering that he was short the nine tickets, appellants' agent promptly notified appellees of this fact, and demanded the possession of the nine bales of cotton, marking each of them in red ink and furnishing to appellees a memorandum of the numbers of said bales of cotton, and protesting against their shipping or otherwise disposing of them. Appellees refused to comply with the demands of appellants unless they would produce the tickets or give an indemnity bond against future liability, which appellants failed to do.

Thereafter appellees shipped or delivered one of these nine bales, No. 2999, to some unknown person in exchange for one of the alleged lost tickets. The testimony of appellees tended to corroborate rather than contradict that of appellants' agent in reference to his selecting, marking, and demanding the nine bales of cotton prior to any disposition of the No. 2999, though the court, in the conclusions of fact, found that this number was shipped out in good faith in due course of business. This demand is alleged by appellants to have been made on the 4th of November of the year 1889, and the proof shows that it was made on or before that time.

It was proven that the market value of the cotton at about that date and subsequently was 9½ cents per pound, and that the several bales were of the weight alleged in plaintiffs' petition. Appellants sued for the

cotton or its value, and seem to have seized and replevied all the bales except No. 2999, though the record does not contain any of the sequestration proceedings.  Judgment was rendered against appellants as to bale No. 2999, and the costs of the suit, and in their favor for the other bales, conditioned upon their executing to appellees an indemnity bond in the sum of $500, to be approved by the clerk of the court, within sixty days; and upon their failure to do so, that they take nothing by their suit, and that appellees recover against them and the sureties on their replevy bond the sum of $400, the value of said cotton, and the costs of suit; from which judgment this appeal is prosecuted.

If the principles of negotiable instruments should be deemed entirely applicable to the receipts issued by appellees in the form set forth in the conclusions of fact, the judgment, in so far as it conditioned a recovery by the appellants on the execution of an indemnity bond, should be sustained.  Dan. on Neg. Inst., sec. 1480.  This rule results from that quality of negotiable paper which enables the holder in due course of trade to recover upon it, though his title be derived from the finder of lost paper or from one who has stolen it.  Where the maker runs no risk of a second payment the rule has no application.  Dan. on Neg. Inst., secs. 1481–1485.

The receipt in question is essentially a warehouseman's receipt, and is also analogous to a bill of lading of a common carrier, in form negotiable. It is held by the Supreme Court of the United States, even under statutes which declare bills of lading to be negotiable by endorsements and delivery, that, inasmuch as they represent goods and not money, in case they should be lost or stolen, a bona fide holder who derives his title from a finder or a thief could not recover, as in case of negotiable paper under the law merchant.

Any other holding would place the symbol upon a better footing than the thing represented, it being well settled that title to personal property can not be derived from one who has found it or stolen it from the owner. It follows that the cotton receipts in question are not clothed by the law with that superior quality of negotiable paper which enables a bona fide holder to recover, though the owner has not parted with his title.  The reason for the rule therefore which requires indemnity from the loser as a condition precedent to recovery does not exist in this case.  The true owner might, through his negligence or carelessness, be estopped from asserting his title against one holding from the finder or the thief, but no such case is here presented.  Shaw v. Railway, 101 U. S., 416; Friedlander v. Railway, 130 U. S., 416; Hutch. on Carr., 2 ed., sec. 129.

It is settled in this State, that the owner of property held by a bailee may sue to recover it from the bailee, though not a party to the contract of bailment.  Roberts v. Yarboro, 41 Texas, 453; Nelson v. King, 25 Texas, 663.

We conclude that the judgment must be reversed and here rendered in favor of appellants for the nine bales of cotton, or the value of each, with lawful interest from November 4, 1887, and for costs. If the records below show that appellants have already.acquired the possession by replevy bond of any part of said cotton, that will operate a satisfaction pro tanto of this judgment.

*Reversed and rendered.*