## R. F. REX ET AL. v. HENRY JAMES ET AL.

### Decided July 2, 1910.

**1.—Bailor and Bailee—Delivery to Wrong Person—Liability.**

   The degree of diligence which is exacted of each of the several classes of bailees in respect to the care of the thing bailed has no application to the rights of the bailee in respect to its return and delivery. Every bailee is bound at his peril to know that the person to whom he delivers the chattel is the proper person to receive it, and if he delivers it to the wrong person, though acting in perfect good faith, he is nevertheless liable for its conversion.

**2.—Same—Warehouseman.**

   A warehouseman is liable for conversion of property where, without authority, he delivers it either negligently, intentionally or by mistake to one not entitled to it, and he is liable although the mistake is not the result of any want of ordinary care or prudence on his part. This rule applied in a suit by a bailor against a defendant as warehouseman and bailee for hire for

the value of certain chattels which the defendant delivered to a third party, by whom they were converted.

### 3.—Values—Testimony—Verdict.

The plaintiff alone testified expressly as to the value of the articles in controversy; other witnesses described the articles but did not place a value upon them; the jury returned a verdict for much less than the value testified to by the plaintiff. Held, the appellate court would not disturb the verdict of the jury.

### 4.—Practice on Appeal—Cross Action.

A prayer in appellee's brief that he have judgment over against a co-defendant in the trial court for such sum as he might be required to pay under the judgment, will be denied when the record does not show that said code-fendant was served with notice of the appellee's cross action in the trial court, nor that said codefendant answered thereto, nor that the appellee appealed from the judgment as rendered in the court below.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*Cunningham & Oliver,* for appellant Rex.—Where goods are stored in a warehouse for safe-keeping for an agreed compensation, and the warehouseman fails or refuses to redeliver the goods to the bailor or true owner in accordance with the contract of bailment, it is no excuse for the warehouseman to show that he delivered the goods to a third person not entitled to receive them and who appropriated them to his own use and benefit. Such a delivery is a conversion and renders the bailee liable. Horsley v. Moss, 23 S. W., 1115; Nelson v. King, 25 Texas, 662 to 664; Roberts v. Yarboro, 41 Texas, 453; Freeman v. Perry, 25 Texas, 625; Wear v. Gleason, 52 Ark., 364, 12 S. W., 757, 20 Am. St. Rep., 187; Irvin v. Phelps (Ky.), 45 S. W., 659; Bank of Oswego v. Doyle, 91 N. Y., 32 (last portion), 43 Am. Rep., 639; Jenkins v. Bacon, 111 Mass., 373, 15 Am. Rep., 36 to 39; Kowing v. Manley, 49 N. Y., 192, 10 Am. Rep., 346; "Bailments," 3 Am. & Eng. Enc. Law, 754 and 758 (2nd ed.) ; "Bailments," 5 Cyc., 201 and 202 and notes, and 189 and notes; "Warehouses and Warehousemen," 30 Am. & Eng. Enc. Law, 57 (2nd ed.) ; Story on Bailment, sec. 450; Merchants Nat'l Bk. v. Carhart, 95 Ga., 394, 51 Am. St. Rep., 95.

Defendant James, having accepted plaintiff's goods and taken possession of said warehouse after said goods had been stored therein for safe-keeping for an agreed compensation, and, knowing these facts, undertook and actually entered upon the trust imposed by the bailment, and having failed and refused to redeliver to plaintiff the goods when requested so to do, as provided by said contract, a prima facie case of negligence is established against him and the burden is upon him to excuse his default by showing that such failure was not due to any want of ordinary care on his part, and having failed to show that he exercised such care by a preponderance of the evidence, he is liable. Nelson v. King, 25 Texas, 662 to 664; Guaranty Trust Co. v. Diltz, 91 S. W., 596-597; Hilslop v. Ordner, 67 S. W., 337; Burnell v. N. Y. Cent. Ry. Co.,

45 N. Y., 184, 6 Am. Rep., 65; Boies v. Hartford, etc., Ry. Co., 37 Conn., 272, 9 Am. Rep., 349; Bank of Oswego v. Doyle, 91 N. Y., 32, 43 Am. Rep., 639; "Warehouses and Warehousemen," 30 Am. & Eng. Enc. I aw (2nd ed.), 53.

*Sayles & Sayles,* for appellant Heyck.—A warehouseman (who is a bailee for hire) is not required to retain in his own possession for an indefinite period of time goods stored with him, but such warehouseman may sell his warehouse and cease to engage in the business of bailment for hire, and upon the delivery of possession of said warehouse and such goods, in the condition in which they were originally stored, to a person capable of engaging in such business and financially responsible, such original warehouseman is not liable to the bailor for the loss or destruction of such goods after such original warehouseman ceased to have possession of said goods. Texas & P. Ry. Co. v. Wever, 3 Texas Civ. App. (White & Willson), p. 85, sec. 60; Willett v. Rich, 142 Mass., 356; "Bailments," 5 Cyc., 184 (11).

Where the owner of a warehouse accepts from the former owner of such warehouse a list of goods stored in said warehouse specifying the goods stored and the rate per month payable by the bailor as storage charges, and takes such goods into his possession, such bailment is a bailment for the mutual benefit of bailor and bailee, and is not a bailment for the sole benefit of the bailor. Prince v. Alabama State Fair, 106 Ala., 340, 17 So., 449, 28 L. R. A., 716; Smith v. Library Board, 58 Minn., 108, 25 L. R. A., 280; "Bailments," 5 Cyc., 175.

*A. H. Kirby* and *R. W. Haynie,* for appellee James.

CONNER, CHIEF JUSTICE.—In November, 1896, appellant Rex deposited with Theodore Heyck, as warehouseman and bailee for hire, certain personal property to be kept until called for. Later Heyck sold his warehouse to appellee Henry James with agreement, as Heyck alleged, that he, James, would keep and deliver the property to the owner. James denied that in receiving the goods he assumed any liability therefor, but it is undisputed that he received possession of the warehouse with Rex's property therein and that he accepted a list of all the articles on deposit. Yet later, James in turn sold the warehouse and delivered possession thereof, together with the personal property mentioned, to one, H. H. Miller, husband of Mrs. Grace Miller who had purchased from James. H. H. Miller converted the property to his own use, and appellant Rex instituted this suit for the value of the property he had so deposited. The trial resulted in a judgment for Rex against H. H. Miller and Mrs. Sophie Heyck, surviving wife and successor in estate of Theodore Heyck, who had died in the meantime, but in favor of Henry James as against all other parties.

Without effort to dispose of the assignments in order, we think the judgment in this case erroneous, regardless of the rejected testimony of

John Sayles, E. A. Heyck and others to the effect that it was expressly understood at the time appellee James received the goods in controversy that he would assume responsibility therefor and deliver to the owner. The undisputed testimony is to the effect that he did receive the goods under circumstances making him liable at least as a depositary bailee, and if to him we apply the rule insisted upon in his behalf, towit, liability for gross negligence, it seems almost, if not quite, undisputed that he was guilty of gross negligence in the delivery of the goods to Miller, particularly in the absence of any evidence that Miller was a responsible person, and in view of his announced purpose of disposing of the goods.

In the case of Wear v. Gleason, in the Supreme Court of Arkansas, 12 S. W., 757, it was held that a gratuitous bailee or depositary without reward was guilty of gross negligence in delivering the bailed property to an apparent stranger without effort to verify his claim to the property and without inquiry as to its ownership. It was said: "He thus manifested a culpable indifference to the safety of the property committed to his care, which, according to all the authorities which have come to our notice, makes him liable for the value of the goods," citing a number of cases, including the case of Nelson v. King, 25 Texas, 655, by our Supreme Court. In that case (Nelson v. King) the depositary of a chattel was held liable to the bailor for the value because of a delivery of the property to one not the owner, and it has been cited a number of times with approval by our own court. See Roberts v. Yarboro, 41 Texas, 450; Clay v. Gage, 1 Texas Civ. App., 661 (20 S. W., 948). Indeed, distinctions in the degrees of care required of the several classes of bailees would seem to have no application in the case before us. It is said in 3 Am. & Eng. Enc. of Law, 754, 2nd ed., that: "The degree of diligence which is exacted of each of the several classes of bailees in respect to the care of the thing bailed has no application to the rights of the bailee in respect to its return and delivery. Every bailee is bound at his peril to know that the person to whom he delivers the chattel is the proper person to receive it, and if he delivers it to the wrong person, though acting in perfect good faith, he is nevertheless liable for its conversion." Again in the 30 Am. & Eng. Enc., 57, 2nd ed., it is said: "A warehouseman is liable for conversion of property where, without authority, he delivers it either negligently, intentionally, or by mistake to one not entitled to it, and he is liable although the mistake is not the result of any want of ordinary care or prudence on his part." In other words, the duty of appellee James was absolute to either return the goods to his bailor Heyck or to deliver them to the true owner, and his failure to do so renders him liable at the suit of the bailor for the value. In addition to the authorities we have already cited, see Story on Bailments, sections 41, 52, 61, 79, 96, 98, 102, and 105.

Appellant Rex insists that the uncontradicted testimony is to the effect that the chattel converted was of the value of three hundred and

twenty dollars and seventy-five cents instead of one hundred and fifty dollars as found by the court, and that the judgment should therefore have been rendered for the full value as he gave it in his testimony. We, however, are not prepared to adopt his proposition. While it seems that no other witness testified expressly to values, the articles were described by some of the witnesses and such description necessarily entered into the determination of the value. Appellant Rex's estimate was necessarily largely matter of mere opinion and affords no certain criterion. We feel, therefore, unable to say that it affirmatively appears that the judgment is wrong in this respect.

It follows from the foregoing conclusions that the judgment of the court below in favor of appellant Rex as against Mrs. Sophie Heyck should be affirmed; that the judgment in favor of appellee James should be reversed and here rendered in favor of appellant Rex for the amount of the judgment below; that appellant Mrs. Sophie Heyck should have judgment over against appellee James for any sum she may be required to pay under this judgment. The prayer in the brief of appellee James that judgment in his favor over against H. H. Miller be rendered for all such sums as he may be required to pay out under this judgment must be denied for the reasons that nothing in the record shows service upon Miller of appellee James' alternative cross action, or that Miller answered thereto, and no appeal from the judgment as rendered was taken by appellee James. Harris v. Schlinke, 95 Texas, 88; Mayhew v. Harrell, 57 Texas Civ. App., 509 (122 S. W., 957); Romar v. Morris, 59 Texas Civ. App., 378 (126 S. W., 663).

*Affirmed in part, and reversed and rendered in part.*