PURE ICE & COLD STORAGE CO. v. WEINBERG.   (No. 8096.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 6, 1915. Rehearing Denied March 13, 1915.)

WAREHOUSEMEN ☞24—DELIVERY BY WAREHOUSEMEN—LIABILITY FOR NEGLIGENCE.

One with whom the owner of apples stores them for purposes of resale, a bailee for hire, under duty to redeliver either to the bailor or to another as might be required, having, on direction of the bailor to deliver them to one to whom it had sold them, undertaken to reload them for delivery by railroad, is not only liable for its negligence in loading them, proximately causing injury to them, but such liability is to the purchaser.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 111–123; Dec. Dig. ☞24.]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by M. Weinberg, by next friend, F. Weinberg, against the Pure Ice & Cold Storage Company. Judgment for plaintiff, and defendant appeals. Affirmed.

J. M. Moore, of Cleburne, for appellant. Goldsmith & Warren, of Cleburne, for appellee.

CONNER, C. J. In so far as it is necessary to state, M. Weinberg, by his next friend, F. Weinberg, instituted this suit in a justice court of Johnson county against the appellant herein and the Gulf, Colorado & Santa Fé Railway Company, for damages to a shipment of apples. The plaintiff alleged that he had purchased in the city of Dallas 595 boxes of apples, paying appellant therefor, which had been shipped by appellant over said railway company to Cleburne, Tex.; that upon arrival in Cleburne there were 11 boxes short and 78 boxes of the apples mashed and otherwise injured. The trial in the justice court resulted in a judgment in the plaintiff's favor against the Gulf, Colorado & Santa Fé Railway Company, but acquitting appellant of any liability. On appeal to the county court by the railway company, however, the plaintiff was awarded judgment against appellant for the sum of $100, and the railway company was acquitted, and appellant has appealed.

The substantial facts are that the apples in question were owned and shipped by the Roswell Fruit Growers' Association of Roswell, N. M., to the appellant company, for storage. After the receipt of the apples by the appellant company, it kept them as bailee for about four months, when appellee purchased them through an agent of the fruit growers' association in the city of Dallas. Upon the completion of the purchase, appellee, as directed, gave his check in payment to the cold storage company, which was directed to forward the apples to appellee at Cleburne. At this time the entire shipment received by appellant, 506 boxes, were found to be intact and in good order. The effect of the testimony on the part of appellant's employés is that the entire 506 boxes were loaded in good order and the shipment forwarded. There is evidence, however, tending to show that, when loaded by the appellant company, the car was sealed with its seal, and that, as shown by the testimony in behalf of the railway company, the car arrived at Cleburne with the seal undisturbed, but that when examined by appellee the apples were found to be 11 boxes short, with a number of other boxes broken and the apples injured.

The amount of the damage done is not questioned by any assignment of error. Appellant's assignments, all but one, in one form or another question appellant's liability. It is insisted that no negligence on its part was shown, but, if so, that it acted as the agent merely of the Roswell Fruit Growers' Association, and that, as such, the association, and not appellant, is liable for negligence arising out of any mere want of care, which may have caused the damages in question.

The testimony of the employés of the rail-way company is, as before stated, to the effect that the car in which the shipment was made was received under the seal of the appellant company as delivered to them, and that the shipment throughout was with due care and without negligence. The testimony in behalf of the appellee tended to show and authorized the conclusion that the apples were not loaded as they should have been in order to preserve them against injury. So that it can by no means be held by us that the evidence is insufficient to sustain the verdict of the jury on the issue of appellant's negligence. With appellant's greater contention—the one most vigorously presented— that its liability was only that of the agent of the fruit growers' association, we must differ. Appellant was undoubtedly a bailee of the apples for hire and as such, among other things, rested under the duty to redeliver the thing bailed, either to the bailor or to another, as might be required. See Schouler's Bailments and Carriers (2d Ed.) §§ 2, 3, 6. The evidence shows that the apples in question were stored with appellant for the purposes of resale, and that the Fruit Growers' Association of Roswell, through its agent, not only directed appellant to deliver the apples to appellee, but appellant also actually undertook to do so. At least, it actually undertook to reload the apples for ultimate delivery by the railway company, and we think it must undoubtedly be held to be liable for any negligence on its part in making the delivery or shipment which proximately caused the injury. See Schouler's Bailments and Carriers (2d Ed.) §§ 101, 117. And appellant's liability for negligence was not alone, if at all, as is insisted, to the Roswell Fruit Growers' Association. In one of the sections of Mr. Schouler cited (section 117) it is said:

"The main duty of the hired bailee, when his bailment terminates, is to make delivery of the think back or over in suitable order."

In another section (section 119) the author says:

"Where the bailed chattel has been sold and the bailee is duly notified thereof, he holds it under a transfer of title which he and all others are bound to regard."

Upon appellee's purchase he became the true owner, and appellant was legally bound, as it indeed undertook to do, to redeliver the apples, not to its bailor, but to appellee; and, such being its duty, its liability for a failure to properly perform that duty was to the appellee and not to the fruit growers' association. See Bank v. Bates (D. C.) 1 Fed. 702; Clay v. Gage, 1 Tex. Civ. App. 661, 20 S. W. 948; Nelson v. King, 25 Tex. 656; Roberts v. Yarboro, 41 Tex. 449; 40 Cyc. 419 et seq. We accordingly overrule all assignments of error involving the questions discussed.

The court did not err in refusing appellant's special instruction to the effect if the jury believed from the evidence that the defendant railway company furnished appellant

the car in which the apples was loaded, and thus made appellant the agent of the railway company, to. find for the defendant, as the evidence wholly fails to raise such an issue. Nor do we think the court's charge subject to the criticism made in the sixth assignment of error.

The suggestion that the county court was without jurisdiction, we think, is also without merit; and, believing that the evidence supports the verdict and judgment, it is ordered that the judgment be affirmed.