(5 App. Div. 237.)

REIGNER v. SPANG.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

1. APPEAL—WEIGHT OF EVIDENCE—CONFLICTING AFFIDAVITS.
　　Where a motion is heard on conflicting affidavits of the parties, it is within the discretion of the court to accept the version of either party.
2. BAIL—AMOUNT—WHEN EXCESSIVE.
　　Where defendant was arrested for the alleged conversion of shares of stock, bail in the amount of the par value of the shares is excessive, where the only proof of value is an affidavit submitted on a motion to vacate the order of arrest stating that the shares were not worth over 1½ per cent. of the par value.

Appeal from special term, New York county.

Action by Henry B. Reigner against Henry W. Spang for the alleged conversion by defendant of 50 shares of stock of the Ball Electric Light Company, of the par value of $100 per share. Defendant was arrested, and bail fixed at the sum of $5,000. From an order denying a motion to vacate the order of arrest, defendant appeals. Modified.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

G. M. Mackellar, for appellant.
T. C. Campbell, for respondent.

PATTERSON, J. This is an appeal from an order denying a motion to vacate an order of arrest which was issued at the procurement of the plaintiff in an action in which the defendant was charged with wrongfully converting 50 shares of stock, the property of the plaintiff. Counsel for the defendant is correct in the contention that the order of arrest can be sustained only by proof that the shares of stock alleged to have been converted were the property of the plaintiff, that he was entitled to the possession thereof, and that the defendant wrongfully converted the same to his own use. The only question before the court relates to the facts of the case as they appear upon the papers now before us, for there is nothing in the record to show what proceedings have been had in the action subsequent to the denial of the motion to vacate the order. The

determination of the justice at special term was made upon conflicting statements of the plaintiff and of the defendant. The court adopted the plaintiff's version of the transactions, and gave credence to his statements, and held that the plaintiff was entitled to maintain the order of arrest. It appeared that the plaintiff, at the solicitation of the defendant, invested $3,000 in the purchase of 60 shares of stock in an electrical company organized under the laws of Pennsylvania, of which company the defendant was the promoter and manager. It further appeared that all of the property, patent rights, and everything of value of that Pennsylvania corporation were sold by the defendant to a new corporation, which he organized under the laws of the state of New York; that when this sale was made, and all that was valuable belonging to the Pennsylvania corporation was turned over to the New York corporation, the defendant agreed to look after and protect the interest of the plaintiff, he having previously agreed with the plaintiff that, if the enterprise in the Pennsylvania company was not successful, he would return the $3,-000. Upon the organization of the new company the defendant received 750 shares of its stock, and caused a certificate for 50 of those shares to be made out in the name of H. Reigner, intending them for the plaintiff. It is just at this point that the conflict between the parties arises. The defendant swears that he went to the plaintiff, and offered him the 50 shares in exchange for the certificate of 60 shares which the plaintiff held in the Pennsylvania corporation, and that the plaintiff declined to accept them, stating that he would rather hold the shares in the original company, as that was a creditor company, while the New York corporation was a debtor company. It is true that there is no specific denial, in so many words, made by the plaintiff of this statement of the defendant, but his account of the transaction differs so widely, and is so thoroughly at variance with the defendant's statement, that in and of itself it constitutes a denial. Mr. Reigner swears that he left the whole matter of the adjustment and the protection of his interest to the defendant from the time he originally paid him the $3,-000, and that when the New York company was formed the defendant came to him, and a conversation ensued between them, in which the defendant plainly notified him that he had in his possession a certificate for 50 shares of stock in the new corporation, which certificate belonged to the defendant, and that he had arranged that the plaintiff should get $1,200 in cash and the 50 shares of stock in the new company; that he had done a good thing for him, and that the stock in the new company was worth more than par; to which plaintiff said, "I trust you, Mr. Spang, and I have no doubt you will see that I am protected;" and that the defendant subsequently informed the plaintiff that he had received the 50 shares of stock, and that he would get the $1,200 soon, to which the plaintiff replied, "All right, Mr. Spang; whenever you are ready, bring me the stock and the money." This shows that the stock certificate was received by Spang, and that $1,200 in addition was to be paid in money to the plaintiff. What the defendant did with the certificate of stock he virtually admits, and Mr. Clarke swears

that the defendant informed him that the certificate of 50 shares which had been issued in the name of the plaintiff was disposed of by the defendant, he (the defendant) writing the plaintiff's name on the back of the certificate of stock, in order that it might be disposed of, and it is this act that constitutes the conversion of the shares, complained of. It was within the discretion of the court below to accept the version of the plaintiff, and upon the mere affidavits as they are presented to us we see no reason for differing with the conclusion at which the court arrived with reference to the facts of the case, limited as we are in our investigation of them to the papers that are before us. The plaintiff did not sign the power of attorney in blank on the back of the certificate; it was the act of the defendant. There was enough before the court to show (the credibility of the parties being in question) that the 50 shares were the property of the plaintiff, and that the defendant had converted them to his own use. But the amount of bail required in the order of arrest was excessive in the extreme. There was no proof of the market value of the shares and when the motion was made to vacate the order, it appeared by an affidavit of a Mr. Villard that the book value of the shares was very small, not over $1.50 per share.

The order denying the motion to vacate the order of arrest should be modified by reversing so much thereof as denies the application to reduce the bail, and by inserting a provision that the bail be reduced to the sum of $100; this modification to be made without costs to either party on this appeal. All concur.