ALBANY,
Feb. 1827.

Packard
v.
Getman.

PACKARD *against* GETMAN.

TROVER for a box of dry goods ; tried at the circuit ; and a verdict found for the plaintiff for $249,71.

*L. Ford,* for the defendant, moved for a new trial.

*J. W. Cady,* contra.

The facts are stated in the opinion of the court ; which was delivered by

WOODWORTH, J. This is an action of trover, to recover the value of a box of dry goods, alleged to have been delivered to the defendant as master of a canal boat, to be transported from the city of *Albany,* to *Charlestown,* in *Montgomery* county.

Two questions arise :

1. Has the plaintiff proved a delivery to the defendant ?

2. If he has, is there sufficient evidence of a conversion ?

It appeared that before any goods were put on board, the plaintiff requested the defendant to receive a quantity of merchandize ; that he consented, and on the *20th* of *November,* 1824, gave a receipt for 30*s.* in full, for transporting the plaintiff's goods, described as four boxes of dry goods, and other articles. The bill of lading, dated *November 24th,* in the hand writing of the plaintiff, and subscribed by the defendant, states four boxes of dry goods. On the evening of the *20th* of *November,* the plaintiff came on board ; the defendant enquired what dry goods he had, and he replied four boxes. He then made out the bill of lading, and delivered it to the defendant. It also appeared that no more than four boxes of dry goods were actually received on board ; and after being so received, on the evening of the *20th* of *November,* the plaintiff came and enquired for his goods. He was informed of their reception, went into the room where they were, and returned, saying it was all right. The defendant delivered the four

*The margin note reads:* What will constitute a delivery of goods to the master of a canal boat, so as to make him accountable in trover.
If it be a sufficient delivery, according to the usages of business, to leave them on the dock by or near the boat ; yet this must be accompanied with express notice to the master.
Either case or trover may be brought against a carrier, for the non-delivery of goods ; but in the latter action, a conversion must be proved.

boxes according to his contract.   On the part of the plain-
tiff, it appeared that five boxes of dry goods had been de-
posited on the dock, near the defendant's boat, in the eve-
ning of the 20th of November.   A man in the boat said
the defendant was not on board, and the boxes were left
lying on the dock.   A person from the boat came, and as-
sisted in unloading two of the four boxes brought by one
of the cartmen.   It also appeared, that it was customary
for masters of canal boats to receive, on the dock, goods
they were to transport.   That the fifth box was brought
in the evening, and placed on the dock where a boat lay.
That some person on board, said it was the defendant's
boat ; and that more goods of the plaintiff were coming on
board.

Admitting that, according to the usual custom and under-
standing of parties, a delivery on the dock, near a boat, is
a good delivery so as to charge the carrier, it must al-
ways be accompanied with express notice ; otherwise he is
not answerable.   Has that been done in the present case ?
So far from it, it appears to me that, in every stage of this
transaction, the defendant was informed there were four
boxes only.   So the plaintiff declared to the defendant ;
such is the language of the receipt for the freight ; and so
is the invoice.   From all this, the defendant was warrant-
ed in taking on board four boxes of dry goods ; and ought
not to be chargeable for not taking on board the fifth box,
although it might have been left on the dock.   From the
evidence, I think the defendant might well presume a fifth
box was not intended for his boat.   But whether it was or
not, there was a failure on the part of the plaintiff to give
the defendant information.   The plaintiff was probably
ignorant that there were more than four boxes.   That is
his misfortune ; not a ground to charge the defendant, who
appears to have acted with good faith ; and could not know,
from the instructions he had received, that any more than
four boxes belonged to the plaintiff.   The defendant not
having received the fifth box on board, it may, by mistake,
have been put on board another boat ; or perhaps stolen ;
but there is no presumption that the defendant ever con-

verted it. All the facts in the case negative that presumption. I am therefore of opinion, on the first point, that the plaintiff has not proved sufficient to make out a delivery of the goods; and that on this ground the verdict is against evidence.

As to the second question, if it be conceded, that the delivery, such as it was, made the defendant answerable, it is necessary to prove a conversion. The plaintiff might have brought a special action on the case, against the carrier; and have avoided this question. He has brought trover, which will also lie; but then he is bound to shew that the defendant converted the goods. A demand and refusal, is *prima facie* evidence of a conversion; but the defendant may give evidence to negative the presumption. (*Lockwood* v. *Bull*, 1 *Cowen*, 330.) I think it is plain the defendant never had actual possession of the goods. His witnesses swear that all the goods on board were delivered; and it is fairly to be inferred, he had no knowledge of any more than four boxes. There is nothing on which to found a presumption that he clandestinely secreted, or in any way disposed of the fifth box. On the contrary, if lost to the plaintiff, it was without the defendant's knowledge or interference. On these facts, it ought to have been submitted to the jury, whether they were satisfied that the defendant had converted to his own use, the goods in question. The verdict must be set aside; and a new trial granted, with costs to abide the event.

New trial granted.