## LANDER vs. BECHTEL.

*September 25 — October 10, 1882.*

CONVERSION: EVIDENCE: WAIVER. *(4) Demand and refusal* evidence *only, of conversion. (1) Waiver of presumptive conversion so evidenced. (2) After waiver, another demand necessary.*
RECEIPT in full. *(3) When may be demanded, a question for the jury.*

1. Where there is no proof of an actual conversion, a presumptive conversion, evidenced by a refusal to deliver the property of another upon demand, is waived by the subsequent conduct of the

parties, where it appears that there was an offer to deliver the property unconditionally on the terms fixed by the owner; that such offer was repeated several times and the delivery prevented by the negligence and sickness of the owner, and by no fault of the other party; that by the consent of the other party the owner took away part of the property, when he was unable at the time to pay what he admitted was a lawful charge upon it; and that there was an agreement that the residue of the property should be delivered and the charge thereon paid, the performance of which was prevented by the refusal of the owner to give a receipt in full on account of the property.

2. After the first offer so made to return the property, an action for the conversion could not be maintained without another demand and refusal to return.

3. Whether the exaction from the owner, of a receipt in full on account of the property, would have been reasonable in view of the negotiations and relative situation of the parties and of apprehended or threatened litigation, was a question properly submitted to the jury for its determination.

4. An instruction to the effect that a demand and refusal to deliver "were not in themselves an actual conversion, but only evidence of it," *held*, not erroneous.

APPEAL from the County Court of *Milwaukee* County.

Action for the conversion of property left by the plaintiff in the possession of the defendant. The facts are stated in the opinion. There was a verdict for the defendant. A motion for a new trial was denied, and from a judgment on the verdict, the plaintiff appealed.

*R. N. Austin,* for the appellant, argued, among other things, that an agreement to accept delivery of property after demand and refusal is no more a waiver of such demand and refusal than acceptance of performance afterward is an abandonment of a claim for damages arising from failure to perform at the time stipulated. *Fisk v. Tank,* 12 Wis., 276. A receipt of part purchase money does not waive a lien on the land. *Tobey v. McAllister,* 9 Wis., 463; *DeForest v. Holum,* 38 id., 516. A waiver is an intentional relinquishment of a known right. *Hoxie v. Home Ins. Co.,*

32 Conn., 21, 40. The act relied on must be such as to estop a party from insisting on performance of the contract, or forfeiture. *Ripley v. Ætna Ins. Co.*, 30 N. Y., 136. It was error to instruct the jury that a demand and refusal were evidence of conversion, but not conclusive. 2 Greenl. on Ev., sec. 644, note 2; *Folsom v. Manchester*, 11 Cush., 334. Ther e was no dispute about the conversion on November 23d. It was claimed only that it had been waived.

For the respondent there was a brief signed by *John A. Wall*, as attorney, and *F. C. Winkler*, of counsel. To the point that a conversion can be waived, they cited: *Winterbottom v. Morehouse*, 4 Gray, 332; *Hayward v. Seaward*, 1 Moore & S., 459; *Firemen's Ins. Co. v. Cochran*, 27 Ala., 228; *Hewes v. Parkman*, 20 Pick., 90.

Orton, J. The following facts touching the vital question in this case were proved on the trial: Some time before the 23d day of November, 1878, the appellant left a horse and certain scavenger machines for safe keeping with the respondent, as an innkeeper, with whom he also boarded at different times, and on that day he tendered to the respondent the sum of $90 as his charges thereon for such safe keeping and board, and demanded the property, and the respondent claimed that such charges were $123, and refused to deliver the same without the full payment thereof. Afterwards the respondent notified the appellant to come and take away his property, and the appellant came on the 17th day of December following and took away the horse, and promised that he would take away the machines the next day, but he did not come, and the respondent called upon him on the 23d, and the appellant said the reason he did not come, as he promised, to take away the machines, was that he had been sick and unable to do so, and that he would come as soon as he got well. The parties again met on the 30th, and the appellant said he had been worse and could not

come, but that he would come in a day or two and take away the property, but he did not come until the 6th day of January, 1879, and then said he had not got the $90 with him, but would come the next day and bring the money, but he did not come until two days afterwards, and then the respondent again told the appellant that if he would pay the $90 he could take away the property, and he again agreed to do so, but asked the respondent if he might then take away a certain part of one of the machines, and the respondent consented that he might do so if he would live up to the terms to pay the $90, and he took the same away and promised to come and pay the $90 and take away the remainder of the machines that afternoon.   But the appellant did not come again until the 13th of January, and then respondent offered to take the $90 and give to the appellant a receipt in full and deliver up the machines if the appellant would give a like receipt, and the appellant refused so to do, and nothing further occurred in respect to the matter until this suit was brought.   At this last interview no tender of the money or demand of the property was made.   There was no evidence of the actual conversion of the property to the respondent's use, and the question of conversion depended entirely upon the presumption arising from his refusal to deliver on demand, and there was no proof of any demand except that on the 23d of November, 1878.

If there can be a case in which such a conversion is waived by the subsequent conduct of the parties, this is certainly such a case.   (1) There was an offer on the part of the respondent to deliver the property unconditionally on the terms fixed by the appellant, which in itself waived it (*Hayward v. Seaward*, 1 Moore & S., 459; 1 Add. on Torts, § 472), and made a future demand necessary before suit; (2) this offer to deliver was repeated several times, and was prevented by the negligence and sickness of the appellant, and by no fault of the respondent; (3) the appellant took away part of the

property in two instances by the consent of the respondent, when he was unable at the time to pay the $90 which he had admitted was a lawful charge upon it; and (4) there was an agreement or understanding between the parties that the residue of the property should be delivered and the $90 paid, and the appellent prevented the performance of it by his refusal to give a receipt in full on account of the property. It may be that such a receipt could not properly have been exacted according to the law in its strictness (Add. on Torts, § 472); yet when in view of the negotiations and relative situation of the parties, and of apprehended or threatened litigation in respect to the property and the respondent's charges upon it, such an exaction might have been reasonable in the judgment of the jury, to whom the whole matter of this future arrangement and the offer to carry it out by the respondent was properly left by the charge of the court, as well as the question whether the presumptive conversion of the property by the first demand and refusal to deliver had not been waived by the subsequent conduct or agreement of the parties. The jury must be presumed to have found that such presumptive conversion had been waived on all the grounds above enumerated, and it was proper in the first instance to leave the question with them, although in this case it was so clearly waived that even a verdict against it would not have been conclusive and ought to be reversed. *Winterbottom v. Morehouse,* 4 Gray, 332, and other cases cited in respondent's brief.

The circuit judge, in charging the jury that a demand and refusal to deliver " were not in themselves an actual conversion, but only evidence of it " (and this was the effect of the instruction), committed no error. 1 Add. on Torts, § 529. The appellant having properly failed in his suit by failure to prove a conversion of the property, no other matter treated in the respective briefs of counsel need be considered.

*By the Court.*—The judgment of the circuit court is affirmed.