## John F. Daggett v. Charles S. Davis.

*Conversion of stock certificate—Trover—Damages.*

1. Trover will lie for the conversion of a certificate of stock; and *it seems* that plaintiff may count upon the conversion of the shares as well as upon that of the certificate.

2. Withholding possession of a certificate of stock cannot amount to a conversion of the stock itself so long as the certificate is not indorsed; but it may amount to a technical conversion of the certificate.

3. Conversion is not necessarily the complete and absolute deprivation of the property, but may be a partial or temporary deprivation, the owner retaining possession or regaining it; the difference is only a question of damages, which, in the latter case, are usually less than the whole value of the property.

4. Demand and refusal do not of themselves constitute a conversion, but are evidence thereof for a jury.

5. The measure of damages for the conversion of a mere certificate of stock cannot be placed at the value of the shares which it represents, if the ownership of the shares themselves is not affected.

Error to Muskegon. (Russell, J.) Jan. 23.—March 6.

Case. Defendant brings error. Reversed.

*Smith, Nims, Hoyt & Erwin* for appellant.

*Cook, DeLong & Fellows* for appellee.

Cooley, C. J. The plaintiff in this case counts upon the conversion by defendant of a certificate of stock in the Muskegon Wood Package & Basket Company, of the nominal value of two thousand five hundred dollars, belonging to the plaintiff and standing in his name. The company is a corporation, and the plaintiff, prior to April, 1881, was its secretary and manager, and the defendant was its president. The plaintiff ceased to be secretary of the company about April 20, 1881, and when he surrendered the office, left this certificate in the company's safe. From the safe it was taken by defendant, as he claimed, without intention, and because

it had in some way got among some of his own papers. When he was called upon for it he at first denied having it, but afterwards, when he had found it, he declined, according to the testimony for the plaintiff, to surrender it, and made some claim that there were unadjusted matters between the plaintiff and the corporation which plaintiff should first adjust. A formal demand for the certificate having then been made, this suit was instituted. There was one trial of the suit before the one in which this judgment was recovered, and it appears that on that trial the certificate was produced—probably under a subpœna duces tecum—and was used by the plaintiff in making his proofs, and then left among the court files. On the second trial it could not be found, and secondary evidence had to be adduced to prove the contents.

There was no evidence that defendant had ever made any use of the certificate for his own purposes; he had merely refused to surrender it to the plaintiff when it was demanded. Neither was there evidence that the plaintiff had ever been denied his rights as a shareholder in the corporation, either at a corporate meeting or at any other time. The plaintiff's action was grounded on the two facts that the defendant had retained in his hands the plaintiff's certificate of stock, and had refused to surrender it on demand. This refusal was submitted to the jury as evidence of a conversion, and they found a conversion upon it, and gave the plaintiff a verdict for the par value of the stock, which they appear to have found to be the market value.

The questions arising upon the record are—*First*, whether trover will lie for a certificate of corporate stock; *second*, if it will lie, whether a conversion was sufficiently shown in this case; and *third*, whether the damages are to be measured by the market value of the stock.

I. That trover will lie for shares of stock was held in *Morton v. Preston* 18 Mich. 60. The facts in that case were that the widow and heirs of a shareholder in a corporation, thinking to avoid the expense of administration, took his certificate of shares and indorsed their names upon it, and then left it with

one of their number to be sold for the benefit of all. This one, instead of selling it, pledged it for his own debt, and the pledgee was recognized by the corporation as the owner of the stock, and disposed of it as owner. An administrator upon the shareholder's estate having subsequently been appointed, he brought suit against the pledgee for the conversion, and was held entitled to recover. This statement of the facts is sufficient to show that in that case there had been a conversion of the stock in the strictest sense of the term, and that the damages suffered were the value of the stock. For cases supporting this, reference may be had to *Anderson v. Nicholas* 28 N. Y. 600; *Maryland F. Ins. Co. v. Dalrymple* 25 Md. 242; *Jarvis v. Rogers* 15 Mass. 389; *Ayres v. French* 41 Conn. 142; *Boylan v. Huguet* 8 Nev. 352; *Kuhn v. McAllister* 1 Utah 275, affirmed in 96 U. S. 87; *Payne v. Elliot* 54 Cal. 339: s. c. 35 Am. Rep. 80; *Connor v. Hillier* 11 Rich. Law 193. In *Neiler v. Kelley* 69 Penn. St. 403, following *Sewall v. Lancaster Bank* 17 S. & R. 285, it was held that trover would not lie for the shares of stock, but must be brought, as it has been in this case, for the certificate which represents the stock. But we see no reason why, if the shares are converted by means of a wrongful use of the certificate, the owner in suing may not count upon the conversion of either. The shares are the property converted, but the certificate itself is also property; standing as it does as the representative of the shares, and as its conversion may take the shares from the owner, it seems to be as proper to count upon its conversion as upon the conversion of money or any chattel.

II. In this case there neither was nor could be any conversion of the stock, for though the defendant had the certificate in his possession, he could not make use of it. It stood in the name of the plaintiff, and could not be transferred without the plaintiff's indorsement, which it did not have, and the defendant could make neither the certificate nor the shares the property either of himself or of any third person by anything he could do with the certificate. *Anderson v. Nicholas* 28 N. Y. 600, 604, per Denio, C. J. If,

therefore, it were necessary to show a conversion of the stock in order to make out a conversion of the certificate, this suit would fail. But conversion does not necessarily imply a complete and absolute deprivation of property; there may be a deprivation which is only partial or temporary, and where the property of the plaintiff remains in or is restored to him. *Liptrot v. Holmes* 1 Kelly 381, 391; *Fisher v. Kyle* 27 Mich. 454; *Hall v. Corcoran* 107 Mass. 251: s. c. 9 Am. Rep. 30. An illustration is where one hires a horse for one use and puts it to another, subsequently returning it to the owner. *Homer v. Thwing* 3 Pick. 492; *Rotch v. Hawes* 12 Pick. 136: s. c. 22 Am. Dec. 414; *Crocker v. Gullifer* 44 Me. 491; *Horsely v. Branch* 1 Humph. 199. The difference between such a case and one in which the property is wholly made away with, is one affecting the damages only; the damages go to the whole value of the property in the one case, and are commonly less in the other. *Wheelock v. Wheelwright* 5 Mass. 104; *Long v. Lamkin* 9 Cush. 361; *Reynolds v. Shuler* 5 Cow. 323; *Cook v. Loomis* 26 Conn. 483; *Brady v. Whitney* 24 Mich. 153, 156.

There may therefore have been a technical conversion in this case, though no use was made of the certificate. Demand for the certificate, and refusal to deliver it, did not of themselves constitute a conversion, but they were evidence of a conversion to go to the jury. *Thompson v. Rose* 16 Conn. 71; *Dent v. Chiles* 5 Stew. & P. 383: s. c. 26 Am. Dec. 350.; *Houston v. Dyche* Meigs 76; *Coffin v. Anderson* 4 Blackf. 395; *Sturges v. Keith* 57 Ill. 451: s. c. 11 Am. Rep. 28; *Packard v. Getman* 6 Cow. 757: s. c. 16 Am. Dec. 475; *Hawkins v. Hoffman* 6 Hill 586; *Davis v. Buffum* 51 Me. 160; *Farrar v. Rollins* 37 Vt. 295; *Huxley v. Hartzell* 44 Mo. 370; *Lander v. Bechtel* 55 Wis. 593.

III. But the court erred in holding that if a conversion was made out the plaintiff was entitled to recover the market value of the shares. As the plaintiff has all the while remained, and still is, the owner of the shares, and the defendant will not by the recovery become owner, the error

seems very plain. There are some cases in which trover has been brought for instruments which were rather the representatives of property than property itself, in which a recovery has been allowed to the full value of the property; but nearly every case has stood upon its own facts, and is easily distinguishable from the present. In *Parry v. Frame* 2 Bos. & P. 451, which was trover for a lease, the plaintiff recovered the full value of the term; but it appeared that he had made arrangements with the landlord which amounted to an appropriation of the term, and the recovery was therefore plainly just. *Clowes v. Hawley* 12 Johns. 484, was trover for a title bond executed by the defendant himself, and when the plaintiff recovered the value of the land, to which he was entitled under the bond, the defendant remained the owner. *Coombe v. Sansom* 1 Dowl. & R. 201, was trover for title deeds, and the plaintiff had a verdict for the large sum of £2500. But the recovery of such damages appears to have been allowed only as a means of compelling the wrongful possessor of the deeds to surrender them to the owner, and an order was entered for the reduction of the judgment to a sum which would indemnify the plaintiff for his actual damages on the deeds being restored. In *Mowry v. Wood* 12 Wis. 413, the owner of a certificate issued by the state, and which entitled the holder to receive from the state a deed of certain lands when specified payments were made, was held entitled to recover, in an action for its conversion, not the value of his interest in the land under the certificate, but such sum as would recompense him for any actual loss he had sustained, and for the trouble and expense of establishing and perpetuating the evidence of his title. In other words, he was held entitled to recover only his actual damages.

The case of *Connor v. Hillier* 11 Rich. Law 193, apparently favors the rule of damages given to the jury in this case. The action was for the conversion of a certificate of shares in bank stock, and the court, in a very short opinion, citing *Parry v. Frame* and *Clowes v. Hawley*, supra, as authority, decided that the plaintiff was entitled to recover the market

value of the shares. The defendant had suffered a default, and thereby, as the court say, had admitted the plaintiff's title and the conversion. Perhaps in that state of the case the recovery of the market value was proper. It certainly was proper if the certificate in the defendant's hands could be used and transferred by him; and the report does not show whether that was or was not the case. Another case having some apparent bearing is *Nelson v. King* 25 Tex. 655. The action was for the conversion of land scrip. The defendant was bailee of the scrip, and it was shown that he had put it out of his hands by delivery to another person, who refused to recognize the plaintiff's rights. The court held that the scrip was to be regarded as a chattel, and that the plaintiff was not bound to follow it into the hands of third persons and contest with them the title, but might sue for the value, treating the conversion as total. The case is manifestly quite different from the one before us, and apparently resembles *Morton v. Preston* in its main facts.

We think the case should be remanded for a new trial.

The other Justices concurred.