JOHN McDONALD v. DONALD C. McKINNON.

[See 92 Mich. 254.]

*Practice in Supreme Court—Res judicata—Corporate stock—Conversion—Damages—Evidence—Instructions to jury.*

1. If counsel desire a reargument of a question disposed of on a former hearing, they should move for a rehearing, as on a second hearing upon the same state of facts the question so decided is *res judicata.*

2. In trover for a certificate of stock, the plaintiff's declaration claimed damages for the failure of the defendant to deliver the certificate on demand. The court instructed the jury that if they should find that said demand was made, and that the defendant wrongfully refused to comply with it, but afterwards delivered the certificate to the plaintiff, the plaintiff was entitled to recover as damages the difference between the value of the stock when demanded and its value when delivered. And it is held that the instruction was correct.

3. The evidence failed to show that the defendant, in refusing to deliver the certificate when first demanded, did not act in the honest belief that it had been burned with other records and papers belonging to the corporation; but there was testimony in support of plaintiff's claim that, after the defendant, who was treasurer of the corporation, had found the certificate, he purposely kept it, denied that the plaintiff was entitled to the certificate under his contract with the corporation, which plaintiff claimed to have performed so as to entitle him to said certificate, and refused and neglected to call a meeting of the stockholders to pass upon the question. And it is held that, while the facts last stated, if established, would amount to a conversion, it was error so to instruct the jury as to cause them naturally to infer that the first demand and refusal constituted a conversion, notwithstanding the defendant might then have been acting in entire good faith.

4. Upon the organization of a mining company, an agreement was made between the company and one of its stockholders by which 8,000 shares of stock belonging to the stockholder were placed in the hands of the treasurer of the company, to be delivered to the stockholder when certain explorations, which he agreed to make at his own expense, should bring certain des-

ignated results. The stockholder sued the treasurer in trover for the stock, and on the trial was permitted to show the amount of money which he claimed to have expended in his exploratory work, and the amount expended after he had, as he claimed, developed a bed of ore which entitled him to his stock, and which latter expense was incurred under an agreement to mine which he claimed was made between him and the defendant, and in which the company acquiesced. Plaintiff's counsel, at the close of his testimony in chief, withdrew the evidence as to the first item of expenditure from the consideration of the jury as erroneously admitted, but permitted the other item to remain for their consideration. And it is held that whether it cost plaintiff much or little to develop the mine had no legitimate bearing upon any issue involved in the suit; that the expenditure by plaintiff of such large sums of money as he testified to would naturally prejudice the jury; and that it was error to admit the testimony.

Error to Dickinson. (Stone, J.) Argued February 14, 1895. Decided March 19, 1895.

Trover. Defendant brings error. Reversed. The facts are stated in the opinion, and in 92 Mich. 254.

*B. J. Brown* (*W. H. Webster*, of counsel), for appellant.

*E. E. Osborn*, for plaintiff.

GRANT, J. The principal question in this case was disposed of by the former decision (92 Mich. 254), and will not now be reviewed. A sufficient statement of the case will there be found. We have examined the former record, and find it almost identical with the present one. The principal question is again argued at great length. If, however, counsel desired a reargument of that question, they should have moved for a rehearing. Parties are entitled to a final decision of all questions raised upon the first appeal to this Court, so that they may enter upon the second trial with all such questions *res judicata*.

1. It appeared upon the former trial, as well as upon this, that the defendant had sent all the stock of the

mining company to the Commercial National Bank of
Chicago, to be delivered to one Ettelsohn. Plaintiff's cer-
tificate of stock was sent with the rest, and he went to
the bank, and indorsed it, whereupon it was delivered to
Ettelsohn. It is contended by the defendant that this
was done at plaintiff's request, for the purpose of securing
Mr. Ettlesohn as an indorser upon some promissory notes
of plaintiff, and that as a matter of fact this constituted
an actual delivery of the stock. Plaintiff gave an entirely
different version of this transaction, denying the testimony
of both Ettlesohn and defendant. The conflicting testi-
mony raised a question of fact, which was properly left to
the jury to determine. The court instructed the jury that,
if they found that the stock was delivered to plaintiff at
Chicago, and that he had, before that time, demanded
possession of defendant, and was refused, and that he had
shown himself entitled to it under the terms of his con-
tract, then he was entitled to recover as damages the
difference between the value of the stock when demanded
and when delivered. The court also instructed them that,
if he then obtained control of the stock, it constituted a
delivery. We think the charge was correct in view of the
special count in the declaration alleging damages for fail-
ure to deliver the stock on demand.

2. It is urged that the court erred in instructing the
jury as follows:

"If you find a conversion of this stock by McKinnon,—
and by 'conversion' I mean, if you find that the plaintiff
was entitled to it, and demanded it, and that the defend-
ant declined and refused to deliver it, that would make
it a conversion,—if you find an unlawful conversion of this
stock by McKinnon, and that the plaintiff never got possession
of it, never received possession of it down to this time,
then you should give the plaintiff, as damages, the value
of the stock at the time of such conversion, with interest
to date at the rate of 6 per cent. per annum."

The precise claim is that the demand and refusal did not constitute a conversion, but were only evidence of a conversion; and in support of this is cited *Daggett v. Davis,* 53 Mich. 35. The language of that case must be construed with reference to the facts. The defendant was the president of the corporation. Plaintiff had been its secretary, and when he resigned he left his certificate in the company's safe. In some manner, but without intention, it got among defendant's papers, and, after he found it, he refused to surrender it, claiming that there were unadjusted matters between plaintiff and the corporation which should be first adjusted. Defendant had made no use of the certificate for his own purposes, nor had plaintiff been denied his rights as a shareholder in the corporation, nor was there any evidence of fraud or deceit. Two facts alone were proven, the demand and refusal. The certificate was produced upon the trial. It was held that there was no absolute conversion, entitling plaintiff to recover the full value of, the stock, but that there might have been a technical conversion by a partial or temporary deprivation, and that the demand and refusal did not of themselves constitute a conversion, but were evidence thereof to go to the jury. That was a well-considered case, and many authorities were cited, commented upon, and some distinguished. There is nothing in the record of the case now before us, under plaintiff's own evidence, to show that defendant, when the certificate was first demanded, did not act in the honest belief that it had been burned in the fire, with other records and papers of the corporation. There is, however, testimony from plaintiff to support the claim that, after defendant discovered the certificate, he purposely kept it, neglected and refused to call a meeting of the stockholders, and finally denied that plaintiff was entitled to it under his contract. If this was

proven to the satisfaction of the jury, a case of conversion was established under the former decision, such as entitled plaintiff to recover the full value of the stock at the time the defendant ascertained that he had the certificate. If plaintiff had earned and demanded it, it became the duty of the defendant to deliver it as soon as he found it. The mischief of the instruction lies in the fact that the jury might very naturally have inferred that the first demand and refusal constituted a conversion, notwithstanding that the defendant might then have been acting in entire good faith. In that case, demand and refusal were not alone sufficient to establish conversion, but were proper evidence to go to the jury in connection with the other evidence.

3. Evidence was introduced, under objection and exception, of the amount of money which plaintiff had expended in his exploratory work, and also the amount expended after he claimed that he had developed a bed of ore which entitled him to his stock, and which was expended under the agreement to mine, which he claims was made between him and defendant, and in which he further claims the company acquiesced. Plaintiff's counsel, at the close of his testimony in chief, on his own motion, withdrew the amount expended on the exploratory work from the consideration of the jury, stating that he thought its admission was error. The other expense was permitted to stand for the consideration of the jury. The admission of this testimony was error. Plaintiff agreed to bear all the expense of the work. If he developed no mine, it was his loss; and whether it cost much or little had no legitimate bearing upon any issue involved. It is very natural that the expenditure by plaintiff of such large sums of money as he testified to should prejudice the jury.

Other objections are raised, but we find in them no

error, nor do we regard them of sufficient importance to discuss. They are expressly overruled.

Judgment reversed, and new trial ordered.

The other Justices concurred.