## PARDEE v. NELSON et ux.

No. 3688.   Decided February 15, 1922.   (205 Pac. 332.)

1.  TROVER AND CONVERSION—UNINDORSED CERTIFICATE OF STOCK HELD
    NOT SUBJECT OF CONVERSION.   Where a certificate of stock belong-
    ing to one who had not indorsed the certificate was delivered
    by the company to another, his retention of possession after
    demand by the owner did not constitute a conversion, as he
    could not appropriate the stock to his own use without the
    owner's indorsement.

2.  TROVER AND CONVERSION—TITLE PASSES ON SATISFACTION OF
    JUDGMENT.   When plaintiff in conversion recovers judgment
    and obtains satisfaction thereof, defendant succeeds to plain-
    tiff's title.

Appeal from District Court, Third District, Salt Lake
County; *G. A. Iverson,* Judge.

Action by James D. Pardee against Hyrum L. Nelson and
wife. From a judgment for costs only against the named
defendant and dismissing the action against defendant wife,
plaintiff appeals.

AFFIRMED.

*Evans & Sullivan,* of Salt Lake City, for appellant.

*James Ingebretsen* and *Fisher Harris,* both of Salt Lake
City, for respondents.

THURMAN, J.

Plaintiff brought this action in the district court of Salt
Lake county for the conversion of certain shares of the cap-
ital stock of the Pingree Sugar Company, a corporation, and
for the certificate of stock representing said shares. The
complaint is in the usual form for conversion, where the de-

wrongfully withholds it after proper demand by the owner.

The defendants, answering, denied the conversion, but admitted that defendant H. L. Nelson held a certificate for eight shares of said stock issued in the name of John E. Martinsen without any assignment or indorsement thereon. It is unnecessary in this connection to state the purpose alleged for withholding said stock, as the same will appear in the findings of the court, the substance of which will be hereinafter stated.

The trial court to whom the case was tried without a jury found, in effect, that prior to May, 1920, defendant H. L. Nelson, with funds belonging to John E. Martinsen, purchased for Martinsen eight shares of the stock in question and caused it to be registered in Martinsen's name on the books of the company; that the company delivered to said Nelson for Martinsen a certificate for said shares certifying that Martinsen was the owner of eight shares of the capital stock of said company; that said certificate was not, and had never been, indorsed by Martinsen, or any other person; that the certificate was not delivered to said Martinsen, nor has said Martinsen ever demanded the same; that said Nelson has retained possession of the same under claim of right until he should be released from all liability upon a certain promissory note executed by him for Martinsen's accommodation and indorsed by Martinsen to the Utah State National Bank, which bank now holds the same; that said H. L. Nelson had no right, nor was he authorized by said Martinsen to retain, said certificate until relieved from said liability; that on May 12, 1920, Martinsen sold, assigned, and transferred to the plaintiff said stock and the certificate therefor, and plaintiff at various times prior to commencing this suit demanded of said H. L. Nelson that he deliver said certificate to plaintiff, but that said Nelson refused to do so until relieved from liability on said promissory note; that said defendant H. L. Nelson has never claimed to own said stock or asserted any right or interest in regard thereto other than to retain said certificate in his possession as aforesaid, and has never exercised, or sought to exercise, any right or claim as a stock-

holder in said corporation; that plaintiff has at no time exercised, or sought to exercise, any right as a stockholder in said corporation; that the value of said shares on the date of plaintiff's demand cannot be determined from the evidence, and that the value of the certificate was not in excess of $1. Finally, the court finds that subsequent to May 12, 1920, and prior to the commencement of the action, plaintiff demanded of defendant Ida L. Nelson that she surrender said certificate to him, but said certificate was not then and never has been in the possession of said defendant, and she has never asserted any dominion or control over the same, or the stock represented thereby.

As conclusions of law the court found that the defendant H. L. Nelson converted the certificate of stock to his own use, and that plaintiff, as to him, was entitled to his costs. The court further found that as to the defendant Ida L. Nelson plaintiff was entitled to nothing, and that the action against her should be dismissed. Judgment was entered in accordance with the findings, and plaintiff appeals to this court for a reversal of the judgment.

It is not necessary to enter into a detailed statement of the facts disclosed by the evidence. It is sufficient to say that for all practical purposes in determining the issues presented the evidence sustains the findings of the trial court, and in that regard nothing further need be said in this connection. The substantial question to be determined and the one which in our judgment is controlling in the case is, Did the court err in not finding that either one or both of the defendants had converted the shares of stock? This, under the facts found by the court, as well as under the facts disclosed by the record, is a pure question of law to be determined by the law of conversion as applied to cases similar or analogous to the case at bar. It will not be necessary to enter upon an elaborate discussion of the elementary principles of the law of conversion. Counsel for appellant have called our attention to Fletcher's Cyc. Corps. vol. 5, § 3446, which says:

"What Constitutes a Conversion—General Principles. Any act of dominion wrongfully exerted over another's property, in denial of

his right, or inconsistent with it, may be treated as a conversion; and this is just as true of shares of stock as it is of other property."

The excerpt quoted is a general statement of what in law constitutes conversion. Like all general statements made by text-writers of the law relative to particular subjects, they should be read in the light of the cases to which they refer in support of the text. If that is done in respect to the language quoted from Fletcher, it will be found that not one case is cited bearing the slightest resemblance to the case before the court.

As an illustration of how liable counsel are to misapply the doctrine of a given case or text and unwittingly distort its real meaning, scope, and effect, counsel for appellant assert that—

"This question has been fully settled by the court," and that "it seems unnecessary to look elsewhere for the law on this proposition."

They then refer to *Coray* v. *Perry Irrigation Co.*, 50 Utah, 70, 166 Pac. 672, in support of the assertion. In connection with that case they also refer to certain language in the opinion quoted from *Kuhn* v. *McAllister*, 1 Utah, 274. It is needless to say that neither of these cases sheds any light upon the vital question presented here. The most that can be said of them is that they hold that shares of stock in a corporation are the subject of conversion where they are wrongfully taken or withheld from the owner and appropriated to the use of another. If that were the question before the court, the cases cited would be controlling. Here, we have to deal with a question entirely different. The defendants in this case had no power to appropriate the shares to their own use or to the use of another, for the certificate was not indorsed by Martinsen. For the same reason plaintiff was not and could not be deprived of his property, notwithstanding there may have been some interference therewith for which in a proper proceeding he might have been entitled to damages especially as against the defendant H. L. Nelson.

The court is of opinion that this case comes within the principle announced in *Daggett* v. *Davis*, 53 Mich. 35, 18 N. W. 548, 51 Am. Rep. 91, cited by respondents. The facts

of the case and conclusions of the court in the Daggett Case are substantially as follows: Daggett and Davis were respectively secretary and president of a corporation. Daggett resigned, but when he surrendered his office he left in the company's safe a certificate of stock issued to himself, but unindorsed. It was taken from the safe by the defendant, as he claimed, without intention, and because it had in some way gotten among some of his own papers. When he was called upon for it he at first denied having it, but afterwards when he found it he declined, according to the testimony of the plaintiff, to surrender it, and made some claim, that there were unadjusted matters between the plaintiff and the corporation which plaintiff should first adjust. A formal demand for the certificate having been made, plaintiff brought his action for conversion. There was no evidence that defendant had ever made any use of the certificate for his own purpose. He had merely refused to surrender it when demanded. Neither was there any evidence that plaintiff had ever been denied the rights of a shareholder in the corporation, either at a corporate meeting or at any other time.

The plaintiff's action was grounded on the fact that defendant had retained his certificate and refused to surrender it on demand. The jury found in favor of plaintiff for the market value of the stock. Defendant appealed.

The case as stated by the appellate court involved three questions to be determined: (1) Whether trover would lie for a certificate of corporate stock; (2) if it would lie, whether a conversion was sufficiently established; (3) whether the damages are to be measured by the market value of the stock.

The court then proceeded to determine the first question presented, and reached the conclusion that the action would lie either for shares of stock or for the certificates representing such shares, where the certificate is wrongfully used for such purpose.

As to the second question, the court held that there could be no conversion for the reason that, although the defendant had the certificate in his possession, he could make no use of

it, as it stood in the name of the plaintiff, and could not be transferred without his indorsement. Numerous cases are cited by the court.

As to the third question, the court said:

"But the court erred in holding that if a conversion was made out the plaintiff was entitled to recover the market value of the shares. As the plaintiff has all the while remained, and still is, the owner of the shares, and the defendant will not by the recovery become owner, the error seems very plain."

The judgment was reversed, and the cause remanded for a new trial.

The analogy between that case and the case at bar is close enough for all practical purposes to almost make it a case in point. Indeed, the cases are identical in principle in every respect except the single fact that in the Michigan case the plaintiff was a stockholder on the books of the corporation, but did not have possession of the certificate, while here plaintiff was a stockholder by assignment from the owner, and was also without possession of the certificate. Plaintiff in the Michigan case, without his certificate, had no power to sell, dispose of, or transfer his stock in the usual way, and consequently was, by the wrongful act of defendant, deprived of that complete dominion over his property which it is contended in the instant case constitutes conversion. The only palpable way in the Michigan case by which the plaintiff could have sold or disposed of his stock, if the purchaser was willing to take the risk, would have been to indemnify the purchaser against the contingency of some one presenting the outstanding certificate with a forged indorsement. The plaintiff in the instant case, by a like indemnity to the company, might have procured a certificate to himself upon presenting his assignment from Martinsen, the former owner. It is evident therefore that the language of the excerpt quoted from Fletcher, vol. 5, § 3446, cannot be literally applied to the case at bar without running counter to the rule promulgated by the Michigan court.

In disposing of the third question involved in the Michigan case the court strongly intimates that one reason why the plaintiff was not entitled to recover the full value of the

shares was that the defendant by such recovery would not become the owner. This suggestion of the court is in full accord with what the writer has always supposed was an unchallenged rule in cases of conversion. That is to say, when the plaintiff in conversion recovers judgment and obtains satisfaction thereof the defendant succeeds to **2** the plaintiff's title. An unindorsed certificate did not and could not give the possession the defendant should have in order to constitute a conversion of the shares. It was sufficient as far as the certificate was concerned and the trial court so found.

The case of *Daggett* v. *Davis, supra,* was followed and relied on by the Supreme Court of Nebraska in the case of *Cummins* v. *People's Bldg. Loan & Sav. Ass'n,* 61 Neb. 728, 86 N. W. 474. In that case the plaintiff purchased a certificate for certain shares in the corporation from one Thomas, who duly indorsed the same. The plaintiff transmitted the certificate, together with the proper fee, to the secretary of the association, and demanded that he enter a transfer on the books of the corporation. The secretary replied to the effect that the certificate was security under the articles of association for a certain mortgage given by Thomas to the association for $500, and refused to make the transfer except subject to the mortgage and until the indebtedness and interest thereon was paid. The plaintiff, without making further demand, immediately instituted suit for conversion of the certificate and shares of stock. Defendant denied the conversion, and set up the foregoing facts. It also tendered back the certificate of stock and fees which had been paid for the transfer, but the tender was refused. Judgment was entered for defendant, and plaintiff appealed. As the opinion is brief, we quote it at length:

"The judgment was right, and must be affirmed. There was no evidence to sustain a finding of even a technical conversion of either the stock itself, or of the certificate which evidenced it. There is no claim that plaintiff has ever been deprived of any of his rights as a shareholder in the corporation. There could be no conversion of the stock itself, though defendant had the certificate in his possession, for it was indorsed from Thomas to plaintiff, and defendant

could therefore not make use of it, for it did not have plaintiff's indorsement. Defendant came rightfully into possession of the certificate, and could not have converted it, for no demand or refusal was pleaded or proved, nor was any other evidence offered tending to show a conversion of the certificate or of the stock itself. *Daggett v. Davis*, 53 Mich. 35, and cases there cited. As the case was for the conversion of the stock and certificate, plaintiff's claim that he should have recovered at least for the ,money advanced defendant for transfer fee and dues is not well taken. That question was not in issue, the suit being strictly for conversion of the certificate and stock. The judgment of the lower court is therefore affirmed.

As we read the opinion, the court decided the case on two distinct grounds, either of which was sufficient and complete in itself: (1) On the grounds which controlled in the Michigan case (*Daggett* v. *Davis*) ; and (2) on the ground that there was no demand by plaintiff before entering suit. The Michigan case is followed almost literally, and cited as authority. It does seem to us that the logic of these two cases is incontrovertible, and that it applies with equal force to the case at bar. There is no claim in this case that plaintiff was ever deprived of any of his rights as a shareholder in the corporation, or that he made any attempt to exercise such right. In that respect the position of the plaintiff in the Nebraska case was stronger than that of plaintiff in the instant case, because the plaintiff in the Nebraska case did at least attempt to obtain a transfer of the shares to himself, and was denied the right. No such attempt was made in the present case. It was stated in both cases referred to, in effect, that there could be no conversion of the shares by defendant because the certificate had not been indorsed. We regard this as the controlling feature of the instant case, as well as the cases we have reviewed at length. It seems to us, that it is an utter perversion of the term "conversion" to hold that a party has converted property when he stands utterly powerless to deprive the owner of it or to appropriate it to his own use or to the use of another.

Having reached the conclusion that the conduct of the defendants did not constitute a conversion of the shares of stock, it seems wholly unnecessary to prolong the discussion. The trial court found that defendant Ida L. Nelson was never

at any time in possession of the certificate of stock, and that the case as to her should be dismissed. Much could be said concerning the distinction between her case and that of the other defendant, but it seems to the writer it would be loading the opinion with matter wholly unnecessary to a decision of the questions involved. For the same reason we refrain from discussing the measure of damages.

The judgment of the trial court is affirmed, at appellant's cost.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.