HARRY G. PIERPOINT, Respondent, *v.* HENRY W. FARNUM and Others, Trading and Doing Business under the Firm Name and Style of FARNUM, WINTER & Co., Appellants.

HARRY G. PIERPOINT, Respondent, *v.* JAMES M. HOYT and Others, Trading and Doing Business under the Firm Name and Style of PRINCE & WHITELY, Appellants.

HARRY G. PIERPOINT, Respondent, *v.* BARNETT FAROLL and Others, Trading and Doing Business under the Firm Name and Style of FAROLL BROS., Appellants.

Second Department, December 31, 1931.

Stewart Maurice [William S. Siemon and Margaret O'Connor with him on the brief], for the appellants.

Joseph C. Slaughter [Arthur B. Hyman with him on the brief], for the respondent.

DAVIS, J. The plaintiff sued the defendants in three separate actions for a conversion of certain unindorsed certificates of stock that had been stolen from him. The actions were tried together, and the plaintiff has recovered judgments for the highest value of the stock within a reasonable time after demand for the return of the certificates. One question only requires consideration on this appeal, and that is, did the conversion of the certificates under the circumstances warrant judgments for damages for the full amount of the stock?

The plaintiff had purchased the stock in question prior to November 6, 1929; and the certificates were in his possession in his safe at his place of business. On the night of November sixth this safe was broken open and the stock certificates were taken. These certificates were all registered in the name of the plaintiff, and were not indorsed by him for transfer at the time they were stolen.

Following the theft, the plaintiff gave notice to the corporations of the theft, with directions to stop the transfer of the stolen certificates; and these orders were never revoked.

During the first week in March, 1930, the defendants, comprising three different firms of brokers, received certain of these certificates from a bank in Chicago. When delivered, each of the certificates bore an indorsement purporting to be that of plaintiff and guaranteed by the Chicago bank. It is unquestioned, both that the indorsements were a forgery and that the defendants received the certificates in good faith without knowledge of the plaintiff's claim thereto.

Shortly after these certificates came into the hands of the respective defendants, the plaintiff learned of their possession. He duly made demands for their return to him. No response was

made and this action was commenced. A later tender by some of the defendants does not affect the plaintiff's rights — at least as far as this action is concerned.

In the meantime, plaintiff had received new certificates from two of the corporations. Those stocks are not involved in this controversy. Whether unsuccessful efforts had been made to obtain certificates from others, does not clearly appear. He had also received dividends on his stock regularly from such corporations as had declared dividends, and none of the stock had been transferred on the books to any other person. In granting the judgment for conversion, it was directed that the amount of the dividends should be deducted from the amount of damages; and that, upon payment of the judgment, the defendants should receive from the plaintiff documents signed by him, legally sufficient to work the actual transfer of the stock upon the corporate books. This provision of itself indicates the incompleteness of the conversion of the stock. When a party sues for the conversion of property, his act at once confirms the title in the defendant..

So far as we can discover, the precise question has never been determined in this State as to whether the conversion of unindorsed certificates of stock constitutes a conversion of the stock itself. That the certificate is distinct from the intangible property in the stock is well established. The certificate is but the evidence, muniment or representative of title. (*Richardson* v. *Shaw*, 209 U. S. 365; *Zander* v. *N. Y. Security & Trust Co.*, 178 N. Y. 208.) The certificates are to a limited extent property, subject to attachment (Civ. Prac. Act, § 915), even where the owner is a nonresident and the stock is that of a foreign corporation. (*Simpson* v. *Jersey City Contracting Co.*, 165 N. Y. 193.) They are not negotiable instruments, but they may, when indorsed, pass from hand to hand and be regarded as property. (*Lockwood* v. *U. S. Steel Corporation*, 209 N. Y. 375, 382.) The certificates, however, have no intrinsic value disconnected from the stock they represent. (*Ayres* v. *French*, 41 Conn. 142, 151.) The manner of transfer of such certificates is prescribed by statute. (Pers. Prop. Law, § 162.)

When certificates have been actually indorsed by the owner an unlawful conversion may follow where a party deals with them contrary to the plaintiff's rights. In such case an action for conversion is based upon the dominion and control exercised over the stock by another, generally resulting in its sale and transfer on the books of the corporation. Conversion of shares implies a wrongful use of certificates bearing an executed assignment and transfer power so that title becomes vested in a person not entitled thereto. (4 Thomp. Corp. [3d ed.] § 3501.) In reaching a determination

in this case the learned trial court relied upon the authority of cases involving actual transfer. There had either been a sale and transfer of a duly indorsed certificate (*Anderson* v. *Nicholas*, 28 N. Y. 600; *Kilmer* v. *Hutton*, 131 App. Div. 625; *Reichard* v. *Hutton*, 158 id. 122); or a successful forgery with actual transfer following on the books of the corporation (*Reigner* v. *Spang*, 5 App. Div. 237; *Page* v. *Clark*, 100 Misc. 395); or a failure to deliver certificates or other evidence of a portion of the stock held, followed by a subsequent sale of the entire certificate. (*Mahaney* v. *Walsh*, 16 App. Div. 601.)

The distinction readily recognized in this case is that there was no indorsement, no successful forgery, no transfer of the stock on the books of the corporation, and no issue of new certificates in the place of those surrendered.

In other jurisdictions the rule is not different as regards indorsed shares. In *McAllister* v. *Kuhn* (96 U. S. 87) the facts stated in the opinion are very meager, but the certificate under consideration was evidently indorsed, for it said: " It is true that a certificate of stock is not the stock itself; but it is documentary evidence of title to stock, and may be used for the purposes of symbolical delivery, as the stock itself is incapable of actual delivery. A blank indorsement of a certificate may be filled up by writing an assignment and power of attorney over the signature indorsed, and in this way an actual transfer of the stock on the books of the corporation may be perfected. A wrongful use of such an indorsed certificate for such a purpose may operate as a conversion of the stock."

In *Ayres* v. *French* (*supra*) there was a demurrer to the declaration (or complaint), so the question before the court was only one of pleading. The plaintiff transferred shares to the defendant for collateral security, and the latter refused, after payment of the obligation, to transfer back part of the shares, claiming them as a reward to himself for his indorsement of plaintiff's note. The allegation of the pleading there was that " the defendant has fraudulently converted and *disposed of* the same to his own use, and the plaintiff has wholly lost the same." It was held that the declaration was good and that " trover is the proper remedy to recover the value of things *represented* by valuable papers, such as certificates of stock."

The plaintiff by the theft did not lose the thing represented by the certificates. He was not deprived of his title. He could perhaps with some trouble obtain from all of the corporations new shares in place of those stolen. Our statute provides a summary remedy (Stock Corp. Law, § 75), not confined to domestic

corporations, but applying also to foreign corporations having transfer agents in this State. (*Lockwood* v. *U. S. Steel Corporation, supra.*) The statutory remedy is not exclusive, and the plaintiff could have maintained an equitable action to compel the issuance of a new certificate. (*Kinnan* v. *Forty-second Street, M. & St. N. A. R. Co.*, 140 N. Y. 183; 2 Cook Corp. [8th ed.] §§ 358, 359, 406.)

As we have indicated, the plaintiff has not lost title to his stock by the withholding of the forged certificates. He has been the owner thereof at all times since the alleged conversion, with the right to receive dividends and to vote at all meetings of stockholders. None of the corporations has questioned his title, nor has any one else with any visible benefit. To be sure, he has lost his evidence of title, and until at some trouble and expense he was able to get new certificates in lieu of those stolen he could not make a ready and advantageous sale of his stock. The wrongful withholding of the certificates has no doubt caused him to sustain a loss, but it is not the loss of the total value of his stock. There has been no conversion of the stock itself.

Analogous cases have arisen in other jurisdictions, where it has been held that the value of the stock is not the measure of damage in actions for conversion of unindorsed certificates. It was so held in *Daggett* v. *Davis* (53 Mich. 35), the court saying: " But the court erred in holding that if a conversion was made out the plaintiff was entitled to recover the market value of the shares. As the plaintiff has all the while remained, and still is, the owner of the shares, and the defendant will not by the recovery become owner, the error seems very plain." (See, also, *Cummins* v. *People's Bldg., etc., Assn.*, 61 Neb. 728; *Pardee* v. *Nelson*, 59 Utah, 497; *Davidson* v. *Atmar*, [Tex. Civ. App.] 243 S. W. 662; 3 Cook Corp. [8th ed.] § 576.)

Reversal there must be because of the application of an erroneous principle as to conversion and a wrong rule in the measure of damages; but the defendants are not absolved, nor is the plaintiff left remediless. There was a conversion and wrongful withholding of the certificates to the plaintiff's damage. Conversion does not necessarily imply a complete and absolute deprivation of property. There may be a deprivation which is only partial or temporary. (*Daggett* v. *Davis, supra.*) Whether the form of action is in strict conversion of the paper representing value, causing loss (*Mahaney* v. *Walsh, supra,* 605), or for the wrongful intermeddling with plaintiff's property to his damage (*Casey* v. *Kastel*, 237 N. Y. 305), the plaintiff has a right to damages flowing from the wrongful

withholding — either by way of expense incurred, profits lost, or otherwise, as may appear on the new trial. Essential facts on this question are absent here.

The judgments should be reversed on the law and a new trial granted, with costs to the appellants to abide the event.

LAZANSKY, P. J., HAGARTY, CARSWELL and SCUDDER, JJ., concur.

Judgments reversed on the law and a new trial granted, with costs to the appellants to abide the event.